UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVELL BURTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZERO WASTE SOLUTIONS,<br><br>　　　　　Defendant. | CASE NO. 1:15-cv-01562-LJO-MJS<br><br>**ORDER DISMISSING COMPLAINT**<br><br>**(ECF No. 1)**<br><br>**FIRST AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is proceeding pro se and in forma pauperis in this employment discrimination and retaliation action filed on October 14, 2015. Plaintiff's complaint is before the Court for screening.

## I.　SCREENING REQUIREMENT

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.　PLEADING STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.   PLAINTIFF'S ALLEGATIONS

Plaintiff is an African-American man who worked as a custodian for Defendant Zero Waste Solutions (and its predecessor, Rainbow Bright) since October 2005. Plaintiff last worked at the Robert E. Coyle Federal Courthouse in Fresno, California. Plaintiff's supervisor was Carmen Rodriguez.

On an unspecified date in 2015, Rigo Rodriguez[1] was assigned to work at the courthouse. Since Rigo Rodriguez was new, Plaintiff trained him and gave him a new shirt to get him started. Afterward, Carmen Rodriguez and Rigo Rodriguez subjected Plaintiff to stricter work standards, stricter leave standards, and a work schedule designed to track his whereabouts. No other employee was treated in this manner.

Plaintiff complained about this treatment "to the company." During the ten years that Plaintiff worked for Defendant, he had only been written up two or three times. Following his complaints and in retaliation for them, Plaintiff was written up six times in three months and then fired. Carmen Rodriguez then hired her cousin, a male, to replace Plaintiff.

Plaintiff claims that he was discriminated against because of his race and sex and retaliated against in violation of Title VII of the Civil Rights Act. Plaintiff also asserts that he was wrongfully terminated. He seeks back pay and/or reinstatement.

### IV.   ANALYSIS

####    A.   Title VII Claims

---

[1] The complaint suggests, but does not clearly allege, that Rigo Rodriguez is Carmen Rodriguez's cousin.. If Plaintiff chooses to amend his complaint, he is advised to clearly set forth the relation, if any, between these two individuals.

Title VII makes it "an unlawful employment practice for an employer" to "discriminate against any individual with respect to" the "terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). A disparate treatment claim must be supported by direct evidence of discrimination, or may instead be evaluated under the burden-of-proof-and production analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See, e.g., Hawn v. Executive Jet Management, Inc., 615 F.3d 1151, 1155 (9th Cir. 2010) (applying McDonnell Douglas framework to Title VII discrimination claim).

### 1.   Exhaustion of Administrative Remedies

To establish subject-matter jurisdiction over a Title VII claim, a plaintiff must exhaust his or her administrative remedies. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994)). "Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the [Equal Employment Opportunity Commission ("EEOC")], or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." B.K.B., 276 F.3d at 1099 (citing 42 U.S.C. § 2000e-5(b)). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." Id. (citation, internal quotation marks, and alteration omitted).

A plaintiff must file an administrative claim with the EEOC against his employer within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5. This administrative claim is a prerequisite to the filing of a civil action against that employer under federal law. Id. Title VII provides that within ninety days after the issuance of a right-to-sue notice, "a civil action may be brought against the respondent." 42 U.S.C. § 2000e–5(f)(1).

Plaintiff's complaint does not allege that he exhausted his administrative remedies. If he has not yet filed a timely claim with the EEOC and received a right-to-sue

3

letter, this case is subject to dismissal. Furthermore, since Plaintiff does not specify the timeframe in which he was discriminated against and fired, the Court is unable to determine if he may yet file a timely claim. Therefore, Plaintiff may either file an amended complaint asserting that he has exhausted his administrative remedies, or he may dismiss this action and refile once he has filed a timely claim with the EEOC and received a right-to-sue notice.

### 2.   Sex and Race Discrimination

If Plaintiff has properly exhausted his administrative remedies, the Court will proceed with an analysis of his claims. To establish a prima facie case of discrimination based on gender/sex or race, Plaintiff must show that he is a member of a protected class; that he was qualified for his position or was performing satisfactorily; that he experienced an adverse employment action; and that similarly situated individuals outside his protected class were treated more favorably, or that some other circumstances surrounding the adverse employment action give rise to an inference of discrimination. See McDonnell Douglas, 411 U.S. at 802; Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 847 (9th Cir. 2004); see also Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

The facts asserted in the complaint do not state a claim for race or sex discrimination. Plaintiff alleges only that he is an African-American man and that he was fired. He does not state who fired him; he does not allege the specific facts leading up to, or the reasons given for, his termination; he does not claim that females or people of other races were treated more favorably than him; he does not assert any other facts that would give rise to an inference of discrimination. Indeed, Plaintiff admits that after he was fired, a man was hired to replace him. Similarly, Plaintiff fails to include any allegations that might give rise to an inference of discrimination on the basis of race. These claims will therefore be dismissed with leave to amend.

### 3.     Title VII Retaliation

To make out a prima facie case of retaliation under Title VII, a plaintiff must establish that he engaged in a protected activity, such as the filing of a complaint alleging racial discrimination, that his employer subjected him to an adverse employment action, and that a causal link exists between the protected activity and the adverse action. Freitag v. Ayers, 468 F.3d 528, 541 (9th Cir. 2006)

The McDonnell Douglas framework is also used to analyze claims of retaliation. To prove a retaliation claim, a plaintiff must first establish a prima facie case by showing that he engaged in protected activity, such as opposing unlawful discrimination or making a charge of employment discrimination; that he was thereafter subjected to a materially adverse action; and that there was a causal connection between the adverse action and his protected activity. See Surrell v. California Water Serv. Co., 518 F.3d 1097, 1107-08 (9th Cir. 2008).

To establish causation, a plaintiff must show by a preponderance of the evidence that engaging in the protected activity was one of the reasons for the adverse employment decision and that but for such activity the decision would not have been made. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064 (9th Cir. 2002). The causal link may be established by an inference derived from circumstantial evidence, "such as the employer's knowledge that the [plaintiff] engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision." Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987). "[W]hen adverse employment decisions are taken within a reasonable period of time after complaints of discrimination have been made, retaliatory intent may be inferred." Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 507 (9th Cir. 2000).

Plaintiff's complaint does clearly allege a materially adverse action (being written up six times in three months and then fired), but does not describe a protected activity which gave rise to the adverse action or clearly allege a causal connection between a

protected activity and the adverse action. For example, Plaintiff does not explain why or how Rigo Rodriguez, a newly-hired employee trained by Plaintiff, was able to impose work and leave standards on Plaintiff; he does not state who he complained to or how he filed his complaints "at the company"; he does not state that either Carmen Rodriguez or Rigo Rodriguez was aware that Plaintiff made complaints; he does not state who wrote him up six times or the circumstances surrounding those write-ups; and lastly, he does not state who fired him or what the reason was given for his firing. Accordingly, this claim will be dismissed with leave to amend.

### 4.     Supplemental Jurisdiction

Plaintiff is hereby informed that absent a viable Title VII claim, any state law claims arising from the conduct described in the complaint (see discussion below) would need to be filed in state court. See 28 U.S.C. §1367. This is because federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). In the absence of a claim based on original jurisdiction, such as Plaintiff's Title VII claims, the Court may decline to exercise supplemental jurisdiction over all other state law claims. See 28 U.S.C. §1367(a).

### B.     FEHA Claims

Plaintiff's complaint can also be fairly read to state claims under California's Fair Employment and Housing Act ("FEHA"), which prohibits employers from discriminating against employees on various bases, including sex and race. Cal. Gov't Code § 12940(a). In evaluating claims under FEHA, California courts look to federal precedent governing analogous federal discrimination laws. See Guz v. Bechtel National, Inc., 24 Cal. 4th 317, 354 (2000) ("Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying our own statutes.... In particular, California has adopted the three-stage burden-shifting test established by the United States Supreme Court for trying claims of discrimination ... based on a theory of disparate treatment" (citations omitted)); Caldwell

v. Paramount Unified School District, 41 Cal. App. 4th 189, 195 (1995); Mixon v. Fair Employment & Housing Comm., 192 Cal. App. 3d 1306, 1317 (1987).

As in the context of a Title VII claim, Plaintiff must first exhaust his administrative remedies before bringing a FEHA claim. To properly exhaust a FEHA claim, a claimant must first file a charge with California's Department of Fair Employment and Housing ("DFEH") within one year of the alleged unlawful conduct. Cal. Gov't Code § 12960(d).4 When Title VII and FEHA claims overlap, under the worksharing agreement, the EEOC and DFEH are each the agent of the other for purposes of receiving charges, and thus a filing with one agency is considered to be constructively filed with the other. See, e.g., EEOC v. Dinuba Med. Clinic, 222 F.3d 580, 585 (9th Cir. 2000) ("Constructive filing is made possible by 'worksharing agreements,' which designate the EEOC and the state agency each other's agents for the purpose of receiving charges."); Paige v. State of Cal., 102 F.3d 1035, 1041 (9th Cir. 1996) ("[T]he filing of a charge with one agency is deemed to be a filing with both.").

A claimant cannot file a lawsuit until receiving a right-to-sue notice from the agency that specifically enforces those laws. See Alberti v. City & County of S.F. Sheriff's Dept., 32 F. Supp. 2d 1164, 1174 (N.D. Cal. Nov. 25, 1998) ("An EEOC right-to-sue letter does not satisfy the jurisdictional requirement of exhaustion of remedies as to FEHA claims."); see also Martin v. Lockheed Missiles & Space Co., 29 Cal. App. 4th 1718, 1726 (1994) ("an EEOC right-to-sue notice satisfies the requirement of exhaustion of administrative remedies only for purposes of an action based on Title VII"). If a claimant receives a right-to-sue notice, he or she has one year from receipt of a DFEH letter to file FEHA claims, Cal. Gov't Code § 12965(b), but only ninety days from receipt of an EEOC letter to file Title VII claims, 42 U.S.C. § 2000e–5(f)(1).

It is unclear if Plaintiff has exhausted his administrative remedies under California law. In an amended pleading, Plaintiff shall specify whether he filed a timely claim with DFEH. Moreover, as to any discrimination or retaliation claims that may be asserted

under FEHA, Plaintiff's allegations fail for the same reasons they fail as to his Title VII claims.

### C. Wrongful Termination

Lastly, Plaintiff asserts that he was wrongfully terminated. He does not, however, specify under what authority he brings this claim. Absent reference to a statute or policy, the Court will assume that Plaintiff brings a claim for wrongful termination in violation of public policy.

Under California law, the elements of a wrongful discharge in violation of public policy are: (1) an employer-employee relationship; (2) termination or other adverse employment action; (3) the termination of the plaintiff's employment was in violation of public policy; (4) the termination was a legal cause of the plaintiff's damages; and (5) damages. Holmes v. General Dynamic Corp., 17 Cal. App. 4th. 1418, 1426 (1993).

Plaintiff's complaint might be construed as attempting to allege a claim for wrongful discharge based on race or sex discrimination or retaliation. As noted above, however, Plaintiff does not provide sufficient factual allegations to state a claim for discrimination or retaliation, and there are no other facts before the Court that would support a claim of wrongful discharge in violation of public policy. This claim will therefore also be dismissed with leave to amend.

### V. CONCLUSION AND ORDER

The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must address the deficiencies noted in this Screening Order. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George, 507 F.3d at 607. Plaintiff should

carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the service of this order, Plaintiff shall a first amended complaint curing the deficiencies identified by the Court in this Screening Order;
2. The Clerk of Court is directed to send Plaintiff a copy of his complaint filed on October 14, 2015, and a copy of the Pro Se Packet; and
3. If Plaintiff fails to file a first amended complaint or otherwise respond to this Order, the Court will dismiss this action, with prejudice, for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   October 27, 2015            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE