1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVELL BURTON,<br><br>            Plaintiff,<br><br>    v.<br><br>ZERO WASTE SOLUTIONS,<br><br>            Defendant. | CASE NO. 1:15-cv-01562-LJO-MJS<br><br>**ORDER DISMISSING AMENDED COMPLAINT**<br><br>**(ECF No. 1)**<br><br>**SECOND AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

       Plaintiff is proceeding pro se and in forma pauperis in this employment discrimination and retaliation action filed on October 14, 2015. Plaintiff's first amended complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

       The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    PLEADING STANDARD**

       A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

1    are not required, but "[t]hreadbare recitals of the elements of a cause of action,

2    supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

3    662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

4    Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

5    that is plausible on its face." Id. Facial plausibility demands more than the mere

6    possibility that a defendant committed misconduct and, while factual allegations are

7    accepted as true, legal conclusions are not. Id. at 677-78.

8    **III.   PLAINTIFF'S ALLEGATIONS**

9        Plaintiff is an African-American man who worked as a custodian for Defendant

10   Zero Waste Solutions (and its predecessor, Rainbow Bright) since October 2005.

11   Plaintiff last worked at the Robert E. Coyle Federal Courthouse ("the courthouse") in

12   Fresno, California. Plaintiff's supervisor was Carmen Rodriguez.

13       On an unspecified date in 2015, Rigo Rodriguez[1] was assigned to work at the

14   courthouse. Since Rigo Rodriguez was new, Plaintiff trained him and even gave him a

15   new shirt to get him started. Afterward, Carmen Rodriguez and Rigo Rodriguez

16   subjected Plaintiff to stricter work standards, stricter leave standards, and a work

17   schedule to track his whereabouts. No other employee was treated in this manner.

18       Plaintiff complained about this treatment "to the company" (presumably,

19   Defendant). During the ten years that Plaintiff worked for Defendant, he had only been

20   written up two or three times. But following his complaints regarding Carmen Rodriguez

21   and in retaliation for them, Plaintiff was written up six times in three months and then

22   fired. Plaintiff was replaced by Carmen Rodriguez's male cousin.

23       Plaintiff claims that he was discriminated against because of his race and sex and

24   retaliated against in violation of Title VII of the Civil Rights Act. Plaintiff also asserts that

25   he was wrongfully terminated. He seeks damages and/or reinstatement at his job.

26

27

28   ———————————
     [1] Rigo Rodriguez is unrelated to Carmen Rodriguez.

1    IV.    **ANALYSIS**

2           A.    **Title VII Claims**

3           Title VII makes it "an unlawful employment practice for an employer" to

4    "discriminate against any individual with respect to" the "terms, conditions, or privileges

5    of employment, because of such individual's race, color, religion, sex, or national origin."

6    42 U.S.C. § 2000e–2(a). A disparate treatment claim must be supported by direct

7    evidence of discrimination, or may instead be evaluated under the burden-of-proof-and-

8    production analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-

9    04 (1973). See, e.g., Hawn v. Executive Jet Management, Inc., 615 F.3d 1151, 1155

10   (9th Cir. 2010) (applying McDonnell Douglas framework to Title VII discrimination claim).

11                 **1.    Exhaustion of Administrative Remedies**

12          To establish subject-matter jurisdiction over a Title VII claim, a plaintiff must

13   exhaust his or her administrative remedies. B.K.B. v. Maui Police Dep't, 276 F.3d 1091,

14   1099 (9th Cir. 2002) (citing EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.

15   1994)). "Under Title VII, a plaintiff must exhaust her administrative remedies by filing a

16   timely charge with the [Equal Employment Opportunity Commission ("EEOC")], or the

17   appropriate state agency, thereby affording the agency an opportunity to investigate the

18   charge." B.K.B., 276 F.3d at 1099 (citing 42 U.S.C. § 2000e-5(b)). "The administrative

19   charge requirement serves the important purposes of giving the charged party notice of

20   the claim and narrowing the issues for prompt adjudication and decision." Id. (citation,

21   internal quotation marks, and alteration omitted).

22          A plaintiff must file an administrative claim with the EEOC against their employer

23   within one hundred and eighty days after the alleged unlawful employment practice

24   occurred. 42 U.S.C. § 2000e–5. This administrative claim is a prerequisite to the filing of

25   a civil action against that employer under federal law. Id. Title VII provides that within

26   ninety days after the issuance of a right-to-sue notice, "a civil action may be brought

27   against the respondent." 42 U.S.C. § 2000e–5(f)(1).

28

1    Since Plaintiff's amended complaint is substantially similar to his original pleading,

2    much of the Court's analysis on screening will be the same. As with his original pleading,

3    Plaintiff's amended complaint does not allege that he exhausted his administrative

4    remedies. Plaintiff is informed that if he has not yet filed a timely claim with the EEOC

5    and received a right-to-sue letter before filing this case in federal court, his case is

6    subject to dismissal. He may either file a second amended complaint asserting that he

7    has exhausted his administrative remedies, or he may dismiss this action and refile once

8    he has filed a timely claim with the EEOC and received a right-to-sue notice.

9    **2.    Sex and Race Discrimination**

10    To establish a prima facie case of discrimination based on gender/sex or race,

11    Plaintiff must show that he is a member of a protected class; that he was qualified for his

12    position or was performing satisfactorily; that he experienced an adverse employment

13    action; and that similarly situated individuals outside his protected class were treated

14    more favorably, or that some other circumstances surrounding the adverse employment

15    action give rise to an inference of discrimination. See McDonnell Douglas, 411 U.S. at

16    802; Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 847 (9th Cir. 2004);

17    see also Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

18    As with his original pleading, Plaintiff's first amended complaint does not state a

19    claim for either race or sex discrimination. Plaintiff alleges only that he is an African-

20    American man and that he was fired. There are, however, no facts alleged that would

21    indicate his termination was because of either his race or sex. Indeed, Plaintiff admits

22    that after he was fired, a man was hired to replace him. These claims will therefore be

23    dismissed. Plaintiff will be given **one last opportunity** to allege facts that would suggest

24    he was fired because he is a man and/or because he is African-American.

25    **3.    Title VII Retaliation**

26    To make out a prima facie case of retaliation under Title VII, a plaintiff must

27    establish that he engaged in a protected activity, such as the filing of a complaint

28

1   alleging racial discrimination, that his employer subjected him to an adverse employment

2   action, and that a causal link exists between the protected activity and the adverse

3   action. Freitag v. Ayers, 468 F.3d 528, 541 (9th Cir. 2006)

4        The McDonnell Douglas framework is also used to analyze claims of retaliation.

5   To prove a retaliation claim, a plaintiff must first establish a prima facie case by showing

6   that he engaged in protected activity, such as opposing unlawful discrimination or

7   making a charge of employment discrimination; that he was thereafter subjected to a

8   materially adverse action; and that there was a causal connection between the adverse

9   action and his protected activity. See Surrell v. California Water Serv. Co., 518 F.3d

10  1097, 1107-08 (9th Cir. 2008).

11       To establish causation, a plaintiff must show by a preponderance of the evidence

12  that engaging in the protected activity was one of the reasons for the adverse

13  employment decision and that but for such activity the decision would not have been

14  made. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064 (9th Cir. 2002). The

15  causal link may be established by an inference derived from circumstantial evidence,

16  "such as the employer's knowledge that the [plaintiff] engaged in protected activities and

17  the proximity in time between the protected action and allegedly retaliatory employment

18  decision." Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987). "[W]hen adverse

19  employment decisions are taken within a reasonable period of time after complaints of

20  discrimination have been made, retaliatory intent may be inferred." Passantino v.

21  Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 507 (9th Cir. 2000).

22       Plaintiff's amended complaint satisfactorily alleges a materially adverse action (six

23  write-ups in three months and then termination from his job), but it does not clearly

24  describe the protected activity or clearly allege a causal connection between the

25  protected activity and the adverse action. **If Plaintiff files a second amended**

26  **complaint, it is critical that he include facts that would clarify the following**: why or

27  how Rigo Rodriguez, a newly-hired employee trained by Plaintiff, was able to impose

28

work and leave standards on Plaintiff; who Plaintiff complained to "at the company" and/or how he filed his complaints; whether and how Carmen Rodriguez and/or Rigo Rodriguez knew that Plaintiff made any complaints; who wrote Plaintiff up six times; and lastly, who fired him and for what reason(s). Accordingly, this claim will be dismissed with leave to amend.

**B.    FEHA Claims**

Plaintiff's complaint can also be fairly read to state claims under California's Fair Employment and Housing Act ("FEHA"), which prohibits employers from discriminating against employees on various bases, including sex and race. Cal. Gov't Code § 12940(a). In evaluating claims under FEHA, California courts look to federal precedent governing analogous federal discrimination laws. See Guz v. Bechtel National, Inc., 24 Cal. 4th 317, 354 (2000) ("Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying our own statutes.... In particular, California has adopted the three-stage burden-shifting test established by the United States Supreme Court for trying claims of discrimination ... based on a theory of disparate treatment" (citations omitted)); Caldwell v. Paramount Unified School District, 41 Cal. App. 4th 189, 195 (1995); Mixon v. Fair Employment & Housing Comm., 192 Cal. App. 3d 1306, 1317 (1987).

As in the context of a Title VII claim, Plaintiff must first exhaust his administrative remedies before bringing a FEHA claim. To properly exhaust a FEHA claim, a claimant must first file a charge with California's Department of Fair Employment and Housing ("DFEH") within one year of the alleged unlawful conduct. Cal. Gov't Code § 12960(d).4 When Title VII and FEHA claims overlap, under the worksharing agreement, the EEOC and DFEH are each the agent of the other for purposes of receiving charges, and thus a filing with one agency is considered to be constructively filed with the other. See, e.g., EEOC v. Dinuba Med. Clinic, 222 F.3d 580, 585 (9th Cir. 2000) ("Constructive filing is made possible by 'worksharing agreements,' which designate the EEOC and the state

agency each other's agents for the purpose of receiving charges."); <u>Paige v. State of Cal.</u>, 102 F.3d 1035, 1041 (9th Cir. 1996) ("[T]he filing of a charge with one agency is deemed to be a filing with both.").

A claimant cannot file a lawsuit until receiving a right-to-sue notice from the agency that specifically enforces those laws. <u>See Alberti v. City & County of S.F. Sheriff's Dept.</u>, 32 F. Supp. 2d 1164, 1174 (N.D. Cal. Nov. 25, 1998) ("An EEOC right-to-sue letter does not satisfy the jurisdictional requirement of exhaustion of remedies as to FEHA claims."); <u>see also Martin v. Lockheed Missiles & Space Co.</u>, 29 Cal. App. 4th 1718, 1726 (1994) ("an EEOC right-to-sue notice satisfies the requirement of exhaustion of administrative remedies only for purposes of an action based on Title VII"). If a claimant receives a right-to-sue notice, he or she has one year from receipt of a DFEH letter to file FEHA claims, Cal. Gov't Code § 12965(b), but only ninety days from receipt of an EEOC letter to file Title VII claims, 42 U.S.C. § 2000e–5(f)(1).

Again, it is unclear if Plaintiff has exhausted his administrative remedies under California law. In an amended pleading, Plaintiff shall specify whether he filed a timely claim with DFEH. Moreover, as to any discrimination or retaliation claims that may be asserted under FEHA, Plaintiff's allegations fail for the same reasons they fail as to his Title VII claims.

**C.    Wrongful Termination**

Lastly, Plaintiff asserts that he was wrongfully terminated. He does not, however, specify under what authority he brings this claim. Absent any reference to any statute or policy, the Court will assume that Plaintiff brings a claim for wrongful termination in violation of public policy.

Under California law, the elements of a wrongful discharge in violation of public policy are: (1) an employer-employee relationship; (2) termination or other adverse employment action; (3) the termination of the plaintiff's employment was in violation of

1  public policy; (4) the termination was a legal cause of the plaintiff's damages; and (5)

2  damages. Holmes v. General Dynamic Corp., 17 Cal. App. 4th. 1418, 1426 (1993).

3  Plaintiff's amended complaint can be construed as stating a claim for wrongful

4  discharge based on race and sex discrimination and based on retaliation. As noted

5  above, however, Plaintiff does not provide sufficient factual allegations to state a claim

6  for discrimination or retaliation, and there are no other facts before the Court that would

7  support a claim of wrongful discharge in violation of public policy. This claim will

8  therefore also be dismissed with leave to amend.

9  **V.     CONCLUSION AND ORDER**

10  The Court will grant Plaintiff another opportunity to file an amended complaint.

11  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he

12  must address the deficiencies noted in this Screening Order. Iqbal, 556 U.S. at 677-78.

13  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its

14  face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

15  Plaintiff should note that although he has been given the opportunity to amend, it

16  is not for the purposes of adding new claims. George, 507 F.3d at 607. Plaintiff should

17  carefully read this Screening Order and focus his efforts on curing the deficiencies set

18  forth above.

19  Finally, Plaintiff is advised that Local Rule 220 requires that an amended

20  complaint be complete in itself without reference to any prior pleading. As a general rule,

21  an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

22  55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

23  longer serves any function in the case. Therefore, in an amended complaint, as in an

24  original complaint, each claim and the involvement of each defendant must be

25  sufficiently alleged. The amended complaint should be clearly and boldly titled "First

26  Amended Complaint," refer to the appropriate case number, and be an original signed

27  under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

28

8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this Screening Order;

2. The Clerk of Court is directed to send Plaintiff a copy of his amended complaint filed on November 25, 2015; and

3. If Plaintiff fails to file a second amended complaint or otherwise respond to this Order, the Court will dismiss this action, with prejudice, for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   February 22, 2016          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE